**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 28, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAVELLE HENDERSON,

    Defendant - Appellant.

No. 21-3138
(D.C. No. 5:01-CR-40020-HLT-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **KELLY**, and **McHUGH**, Circuit Judges.[**]
_____

Defendant-Appellant Lavelle Henderson appeals from the district court's

denial of his motion for a reduced sentence pursuant to the First Step Act (FSA).  Our

jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

**Background**

In 2002, Mr. Henderson was convicted of continuing criminal enterprise (CCE), 21 U.S.C. § 848, money laundering, and conspiracies to possess with intent to distribute cocaine base and cocaine hydrochloride.  Ultimately, the district court vacated the conspiracy counts as lesser included offenses of CCE and sentenced him concurrently to life on the CCE count and 10 years on the money laundering count.  In 2016, President Obama commuted Mr. Henderson's sentence to 360 months' imprisonment.

In deciding Mr. Henderson's motion, the court first found Mr. Henderson was eligible for relief under the FSA.  As neither party challenges this determination, we do not review this issue.  The court then determined that the guideline range under the FSA would be 360 months to life.  After noting that Mr. Henderson's commuted sentence was at "the low end of the applicable guideline range," the court considered the 18 U.S.C. § 3553(a) factors before denying Mr. Henderson's motion.  Order at 6, United States v. Henderson, No. 01-cr-40020 (D. Kan. June 25, 2021), ECF No. 217.

**Discussion**

We review the district court's denial of a motion for a reduced sentence for an abuse of discretion.  United States v. Mannie, 971 F.3d 1145, 1155 (10th Cir. 2020).  "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact."  United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013).

2

Mr. Henderson argues that the district court abused its discretion because it misapprehended its authority to vary below the advisory guideline range, failed to revisit the drug quantity in his original sentencing, failed to give a clear reason for its denial and provide particularized findings, and did not consider sentencing disparities among similarly situated defendants, his rehabilitation, or his good conduct in prison. We are not persuaded.

The district court plainly recognized its authority in these circumstances. It recognized that it could not rely upon the current guidelines and perform a plenary resentencing but that it could correct errors. United States v. Brown, 974 F.3d 1137, 1139–40 (10th Cir. 2020). It determined that his commuted sentence was at the low end of the applicable guideline range, regardless "of whether the amount of cocaine base attributed to him [was] 50 grams or 1.5 kilograms." Order at 6, Henderson, No. 1-cr-40020. Additionally, the district court properly considered the § 3553(a) factors. See Mannie, 971 F.3d at 1158. Among other things, the court noted Mr. Henderson's role as "a leader in a multi-year enterprise that distributed cocaine base," his chaotic upbringing, his criminal history, his family, and his "good behavior while incarcerated." Order at 6, Henderson, No. 1-cr-40020. It concluded that a sentence reduction was inappropriate. There was no abuse of discretion.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

3